# EXHIBIT "A"

Case 1:01-cr-00336-SHR    Document 408-2    Filed 07/26/2005    Page 1 of 15

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:01-CR-336-01 |
| v. ) | |
| ) | |
| TYRONE J. SMITH, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM IN SUPPORT OF
DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

**INTRODUCTION**

The United States Supreme Court has made clear that due process accords a defendant the right to be sentenced on the basis of accurate information. United States v. Tucker, 404 U.S. 443 (1972); Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252 (1948). Any information used in imposing sentence must have a sufficient degree of reliability to support its use. Williams v. Oklahoma, 358 U.S. 576 (1959). As noted in United States v. Baylin, 696 F.2d 1030, 1040 (3rd Cir. 1982), as a matter of due process, factual matters may be considered as the basis of sentence only if they have a minimal indicium of reliability beyond mere allegation. Such information must, either alone or in the face of other information available, have some rational relationship to the decision to impose a particular sentence. Id.

In order to obtain due process at sentencing, the Defendant seeks correction of certain portions of his PSI pursuant to the dictates of Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure. Specifically, it is argued that Rule 32(c)(3)(D) requires the correction of erroneous information in a federal offender's PSI, and that many of the assertions based on information

provided by the government are contrary to the evidence and the facts. Failure to correct such information will result in a serious disability regarding the Defendant's calculation within the Sentencing Guidelines, and may affect his classification for programs by the Federal Bureau of Prisons.

The Third Circuit has specifically found that when an item contained in the PSI is disputed for sentencing, a district court is required to "either make a finding resolving the controversy or state for the record that the controverted fact was not considered in the imposition of the sentence." United States v. Cannistraro, 871 F.2d 1210, 1215 (3rd Cir. 1989). If the Court of Appeals cannot clearly tell from the record if this dictate has been followed, it will remand the case for re-sentencing. United States v. Cifuentes, 863 F.2d 1149, 1156 (3rd Cir. 1988). The court's obligation to make findings of fact does not simply reach issues which would have an effect on the Sentencing Guidelines; rather, the Third Circuit has recognized that the report has importance beyond sentencing, therefore, resolution of all issues is imperative. United States v. Blanco, 884 F.2d 1577, 1580 (3rd Cir. 1989).

The Defendant recognizes that some of the disputed information may not have an effect on his guideline range. However, the Defendant contends that it is critical that the Court resolves these issues. The PSI contains allegations lacking in factual support. Of course, the government bears the burden of proving any aggravating factor at sentencing. United States v. McDowell, 888 F.2d 285, 291 (3rd Cir. 1989). The Defendant would ask that the court require the government to meet this burden with regard to each factual dispute. If the government cannot provide reliable proof as to these allegations, then each should be stricken from the PSI, so as not to have a detrimental impact upon the Defendant as he travels through the prison system.

-2-

I. **THE DEFENDANT'S SENTENCE SHOULD NOT BE ENHANCED BASED UPON AN UNSUPPORTED ALLEGATION OF LEADERSHIP**

The Defendant was not a leader of a criminal enterprise. At most, the evidence supports a finding that the Defendant was merely a participant who is equally, or less culpable than the co-conspirators. All of the information available at this point in time does not rise to a preponderance of the evidence necessary to support the leadership enhancement of the Defendant's sentence. The district court should not apply a two-level increase for the Defendant's leadership role in the offense under U.S.S.G. § 3B1.1. Defendant asserts that his base offense level would be improperly increased two levels as an organizer or leader.

When determining the appropriate sentence level, the court, in its discretion, can enhance a defendant's offense level, if the court determines that the defendant played an aggravating role in the offense relative to the other participants. Section 3B1.1 of the Sentencing Guidelines provides:

(a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
(b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by three levels.
(c) If the defendant was an organizer, leader, manager, or organizer in any criminal activity other than described in (a) or (b), increase by 2 levels.

U.S.S.G. § 3B1.1.

The "Historical Notes" of the 1993 Amendment declares that the amendment was inserted to clarify the operation of the section to require a finding a degree of control over other persons before § 3B1.1 can apply. *See* United States v. Range, 13 F.3d 949, 960 (6th Cir. 1994) (when determining whether a defendant's base offense level should be enhanced due to his alleged

leadership role in the offense, it is essential that the court make findings regarding the factors mentioned in the guidelines and state its reasons for its determination); United States v. Amato, 46 F.3d 1255, 1263 (2nd Cir. 1995) (In enhancing a defendant's sentence based on his role in the offense, a district court must make specific factual findings as to that role).

The Ninth Circuit has also recognized the factors that must be considered when determining whether a defendant was an organizer or leader. United States v. Ponce, 51 F.3d 820, 827 (9th Cir. 1995). The factors include "the exercise of decision-making authority, the nature of the offense and Appellant's participation in the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, and the degree of control and authority exercised over others." Id. In order to properly enhance a defendant as a leader/organizer, the court must find that the Defendant exercised authority over at least one other person. Id. (citing United States v. Barnes, 993 F.2d 680, 685 (9th Cir. 1993)); *See also* United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir. 1990) (recognizing that the element of control must be present in the relationship in order for a proper enhancement under section 3B1.1 to lie).

In United States v. Schweihs, 971 F.2d 1302 (7th Cir. 1992), the defendant challenged the imposition of an enhancement for a leadership role. Even though the Seventh Circuit found that the record sufficiently established that the defendant in that case was a leader, the Court vacated the defendant's sentence and remanded the case for re-sentencing because the sentencing record did not include the proper findings regarding the number of participants or control over the participants. Id. at 1318.

Similarly, when defendants play equal roles as the others involved they should not receive an enhancement under § 3B1.1. United States v. Mustread, 42 F.3d 1097, 1103 (7th Cir. 1994).

JUL-22-2005 10:26AM    From:                ID:DENNIS E. BOYLE, ESQ    Page:032    R=95%

There, the district court found that the defendant "was at the top of the drug distribution network and exercised total decision making authority over his marijuana purchases." Id. The Circuit Court concluded that the findings of the district court were inadequate to support a § 3B1.1 increase. Id. at 1103-04. The <u>Mustread</u> Court further held that the record did not support a finding that Appellant had an aggravated role relative to the other participants necessary to support the increase. Id. at 1104. The Appellant's sentence in <u>Mustread</u> was vacated and the case remanded for re-sentencing without the aggravated role enhancement. Id. at 1105.

In <u>United States v. Amato</u>, 46 F.3d 1255 (2nd Cir. 1995), a defendant challenged the sufficiency of the court's finding that he was an organizer or leader where the court stated that it made the adjustment based upon the totality of the evidence and testimony offered at trial. Id. at 1262. The Second Circuit found that the district court's findings were insufficient to support its decision to enhance the sentence and remanded the case so that the court could make specific factual findings as to the defendant's role. Id. at 1263.

In the case of <u>United States v. Mares-Molina</u>, 913 F.2d 770 (9th Cir. 1990), in vacating an enhancement, the Ninth Circuit found that "[t]here are no facts to support the conclusion that [the defendant] exercised control or was otherwise responsible for organizing, supervising, or managing others *in commission of the offense.*" Id. (emphasis added).

The Defendant should not receive an enhancement under § 3B1.1, as the evidence illustrates that he did not have direct control over any other criminal participant, and that element is necessary for an enhancement under § 3B1.1. Control over others is absolutely necessary to support an enhancement under § 3B1.1. <u>United States v. Vandeberg</u>, 201 F.3d 805 (6th Cir. 2000); <u>United States v. Capers</u>, 61 F.3d 1100, 1109 (4th Cir. 1995); <u>United States v. Lozano-</u>

Hernandez, 89 F.3d 785, 790 (11th Cir. 1996).

In <u>United States v. Vandeberg</u>, 201 F.3d 805 (6th Cir. 2000), the court stated that in determining whether a defendant qualifies as a leader,

> a trial court should consider a number of factors, including but not limited to the defendant's exercise of decision-making authority, any recruitment of accomplices, "the claimed right to a larger share of the fruits of the crime," the degree of participation in planning the offense, and the degree of control the defendant exercised over others.

Id. at 811; *See also* <u>United States v. Alexander</u>, 59 F.3d 36 (6th Cir. 1995); U.S.S.G. § 3B1.1, Commentary, Application Note 4.

In <u>United States v. Alexander</u>, the Sixth Circuit determined that the government failed to meet this burden because there was no evidence that he exercised authority over others or claimed a right to a larger share of fruits of the crime, although he had provided crucial information to a co-participant on exactly how to burglarize a house. <u>Alexander</u>, supra. "Merely playing an essential role in the offense is not equivalent to exercising managerial control over other participants and/or the assets of a criminal enterprise." <u>Vandeburg</u>, 201 F.3d at 811.

The presentence report suggests that the Defendant should receive a leadership enhancement based on his role in the offense. Under the facts of this case, the Defendant simply does not qualify for a leadership enhancement because he did not exercise the necessary degree of control over the culpable participants who participated in the commission of the offense to warrant an increase. Any evidence of authority or control does not rise to the level of proof necessary to support the enhancement. Moreover, there has been no reliable or credible evidence introduced by the government to indicate that the Defendant actually controlled the actions of other individuals.

The Defendant did not exercise authority or control over others in the commission of

-6-

these crimes. Even looking at the evidence in the light most favorable to the government, he could at most be considered to have had a customer-seller relationship with the co-conspirators, but he was clearly not the "organizer, leader, manager, or supervisor." U.S.S.G. § 3B1.1(c). In United States v. Bryson, 110 F.3d 575 (8th Cir. 1997), the court held that although the defendant "fronted" drugs to the witnesses, he only had a buyer/seller relationship with them; he was not the leader. The Bryson case dispels the mistaken belief of the probation officer and the government that a buyer-seller or customer-seller relationship to the co-participants makes the Defendant a leader. At most, the Defendant played the role of a seller, and in no way was an organizer, leader, manager, or supervisor of criminal activity. The Defendant did not exercise decision-making authority, recruit accomplices, exercise control over others, or claim a right to a larger share of fruits of the crime.

The government bears the burden of proving by a preponderance of the evidence that an enhancement applies. United States v. Vandeberg, 201 F.3d 805 (6th Cir. 2000) (citing United States v. Martinez, 181 F.3d 794 (6th Cir. 1999)). The government clearly cannot meet this burden based on the undisputed facts of this case. Therefore, the district court should not apply the two-point leadership enhancement to the Defendant's sentence.

## II. THE DEFENDANT'S SENTENCE SHOULD NOT BE ENHANCED FOR OBSTRUCTION O JUSTICE

The guidelines provide a two-level increase if the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution or sentencing of the instant offense. U.S.S.G. § 3C1.1. In the sentencing context, the government bears the burden of proving that the defendant consciously acted with the purpose of obstructing justice. *See* United States v. Defeo, 36 F.3d 272, 276 (2nd

-7-

Cir. 1994); United States v. Khang, 36 F.3d 77, 79 (9th Cir.1994); United States v. Patel 32 F.3d 340, 345 (8th Cir. 1994). (holding that a § 3C1.1 enhancement cannot be given simply because the government alleged the defendant testified falsely). The term "obstruction of justice" refers to efforts to impede the processes of legal justice, United States v. Aguilar, 515 U.S. 593, 598-602, 132 L. Ed. 2d 520, 115 S. Ct. 2357 (1995), including the sentencing process. United States v. Wells, 154 F.3d 412, 414 (7th Cir. 1998); United States v. Gilbert, 173 F.3d 974, 979 (6th Cir. 1999). "The purpose of punishing obstruction of justice is not just to prevent miscarriages of justice but also to reduce the burden on the justice system." United States v. Buckley, 192 F.3d 708, 710 (7th Cir.1999).

In the instant case, the government has alleged that the Defendant attempted to obstruct justice by threatening witnesses. The government's allegations are based almost entirely on the statements of people testifying against the Defendant to obtain leniency in their own criminal cases. These statements are inherently suspect, and do not rise to the level of a preponderance of the evidence establishing that the Defendant has attempted to obstruct justice in any way. The Defendant contends that the government cannot meet its burden of establishing by a preponderance of the evidence that he attempted to obstruct justice, and requests that his sentence not be enhanced pursuant to § 3C1.1.

III. **THE DEFENDANT SHOULD RECEIVE A DOWNWARD DEPARTURE BECAUSE HIS CLASSIFICATION AS A CAREER CRIMINAL SIGNIFICANTLY OVER-REPRESENTS THE SERIOUSNESS OF HIS CRIMINAL PAST AND THE LIKELIHOOD THAT HE WILL RECIDIVATE**

-8-

Recognizing the unique impact of criminal history in the sentencing of career offenders, courts have ruled that a departures are warranted on the basis that an individual's characterization as a career offender over-represents the seriousness of his criminal past. United States v. Webb, 139 F.3d 1390 (11th Cir. 1998); United States v. Pinckney, 938 F.2d 519, 520 (4th Cir. 1991); United States v. Rivers, 50 F.3d 1126, 1130 (2nd Cir. 1995)(where a defendant's offense level has been increased by the career offender guideline, a district court may reduce either the criminal history category or the offense level, or both, under U.S.S.G. §4A1.3); United States v. Mitchell, 113 F.3d 1528 (10th Cir. 1997); United States v. Lindia, 82 F.3d 1154, 1164 (1st Cir. 1996); United States v. Lawrence, 916 F.2d 553, 554-55 (9th Cir. 1990); United States v. Smith, 909 F.2d 1164 (8th Cir. 1990); United States v. Reyes, 8 F.3d 1379, 1382-83 (9th Cir. 1993)(affirming a downward departure from career offender status based on over representation of criminal history category).

In United States v. Collins, 122 F.3d 1297 (10th Cir. 1997), the Tenth Circuit upheld a district court's downward departure due to the fact that the defendant's criminal history category, which was set at VI because he was a Career Offender, significantly over-represented the seriousness of his criminal past. "The purpose of §4A1.3 is to allow a district court to deviate from the otherwise applicable guideline range where the defendant's criminal history, likelihood of recidivism, or both differs significantly from the typical offender for whom the applicable criminal history category was formulated." Id. at 1304. In other words, a district court may depart when a defendant's criminal past or likely criminal future removes the defendant from the heartland of the applicable criminal history category. Id. The heartland analysis also extends to those defendants classified as career offenders. Id. Thus, for a defendant who technically qualifies as a

-9-

career offender but whose criminal history and likelihood for recidivism significantly differ from the heartland of career offenders, the sentencing court may consider a departure from the career offender category. Id. In Collins, the Court determined that Collins past drug convictions were relatively minor. Id. at 1307. Therefore, the Court affirmed the district court's departure on the grounds that Collins' status as a career offender significantly over-represented the seriousness of his criminal past. Id.

In United States v. Senior, 935 F.2d 149 (8th Cir. 1991), the defendant was convicted of possession with the intent to distribute cocaine base. At sentencing, the defendant was labeled a career offender, with a sentencing range of 292-365 months. Id. at 150. The defendant had previously committed two robberies in 1983, another robbery later that year, convicted of distribution of dilaudid in 1987, and arrested on a parole violation concurrent with the cocaine base case. Despite this long history, the district court determined that the defendant should receive a departure of over 14 years down to the 10-year minimum mandatory. Upon reviewing the record, the Court of Appeals upheld the departure. Id. at 151.

Additionally, the Southern District of New York found that a departure from the career offender guidelines was warranted where his prior convictions were minor. United States v. Williams, 78 F.Supp.2d 189 (S.D.N.Y. 1999). In each of the defendants prior convictions, he was a street seller of narcotics. Because he was only a street dealer, his record of convictions should be deemed less significant. The Court found that the defendant was not a person who was contemplated by the Sentencing Commission in adopting the career offender provisions of the guidelines. Thus, the Court in Williams determined that a downward departure was warranted.

IV.   THE DEFENDANT IS ENTITLED TO A DOWNWARD DEPARTURE FROM THE APPLICABLE GUIDELINE RANGE DUE TO THE FACT THAT THE

-10-

## DEFENDANT'S CASE INVOLVES SPECIAL CIRCUMSTANCES NOT ADEQUATELY CONSIDERED BY THE SENTENCING COMMISSION

The Defendant submits that grounds exist to allow a downward departure for the otherwise applicable guideline range of imprisonment. The Supreme Court has provided that a sentencing court has vast discretion in determining the appropriate sentence to impose and may depart downward from the otherwise applicable guideline range of imprisonment. United States v. Koon, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

In the words of the Guidelines themselves,

> when a court finds an atypical case, one to which a particular guideline linguistically applies, but where conduct significantly differs from the norm, the court **may** consider whether a departure is warranted . . . the Commission does not intend to limit the kinds of factors, whether or not listed in anywhere else in the guidelines, that could constitute grounds for departure in an unusual case.

The Defendant would submit that grounds for a downward departure exists based upon his medical condition. As mentioned in the PSI at paragraph 54, the Defendant has been diagnosed with spina bifida. A downward departure is available to defendants with particular physical conditions or "a particular serious illness," such as terminal cancer. *See* United States v. Lara, 905 F.2d 599, 607 (2nd Cir. 1990). A downward departure is permissible under § 5H1.4 any time sufficient evidence of impairment is presented to a sentencing court. United States v. Schein, 31 F.3d 135, 138 (3rd Cir. 1994); United States v. Ghannam, 899 F.2d 327, 329 (4th Cir. 1990). The Seventh Circuit has recognized that where a defendant can provide the court with specific, articulable information to show an "extraordinary physical impairment," then a departure may be appropriate. United States v. Woody, 55 F3d 1257 (7th Cir. 1995).

If a physical impairment makes it likely that a defendant's incarceration will be far more

-11-

difficult and lead the Bureau of Prisons to remove him from the general population and place him in some form of protective custody a downward departure is appropriate. *See* Cordero v. Coughlin, 607 F. Supp. 9, 10 (S.D.N.Y. 1984) (segregation of HIV-infected inmates from the general population is constitutionally permissible to protect both sufferers and other prisoners from tensions and harm which could result from other prisoners' fears). A term of imprisonment spent in this type of confinement is a penalty far more difficult to endure than customary incarceration. *See* United States v. Blarek, 7 F. Supp. 2d 192, 211 (E.D.N.Y.), *aff'd*, 166 F.3d 1202 (2nd Cir. 1998) (removal from general population because of AIDS would make a sentence more difficult to endure).

Additionally, other circuits have ruled on the medical conditions that may support a downward departure. The Tenth Circuit Court of Appeals has held that a physical impairment due to chronic depressive disorder can provide a basis for departure. United States v. Slater, 971 F2d 626, 634-35 (10th Cir. 1992) A New York District Court held that a defendant's metastasized cancer was a serious life threatening illness, which alone warranted a downward departure. United States v. Velasquez, 762 F.Supp. 39, 40 (E.D.N.Y. 1991). Furthermore, District of Columbia Court of Appeals has recognized that an extreme disability is a characteristic that makes it possible to achieve the goals of prison with alternative confinement. United States v. Smith 27 F3d 649, 652 (DC Cir. 1994). The First Circuit has recognized that a severe heart condition was a proper basis for departure under § 5H1.4. United States v. LeBlanc 24 F3d 340, 347 (1st Cir. 1994). In the case of United States v. Baron, 914 F.Supp 660 (D.Mass 1995), the court granted a downward departure under § 5H1.4 to a defendant who had pituitary tumors, respiratory infections, and prostate cancer. The court found that in order to grant a departure, it had to

consider (1) the seriousness of the medical threats, (2) the inability of the Bureau of Prisons to treat those threats or which incarceration would exacerbate the threats; and (3) whether alternative punishment would be as equally efficient as incarceration. Id. at 663  In that case, the court ordered home detention in lieu of imprisonment.

In the instant case, the Defendant is facing an extremely lengthy period of confinement. He has a medical condition that could make him vulnerable in the prison system.  The Defendant's spina bifida symptoms may worsen or progress.  Medical treatment may very well be necessary. Accordingly, the Defendant submits that his spina bifida could make the term of his confinement far more difficult to endure than customary incarceration. *See* United States v. Blarek, 7 F. Supp. 2d 192, 211 (E.D.N.Y.), *aff'd*, 166 F.3d 1202 (2nd Cir. 1998) (removal from general population because of AIDS would make a sentence more difficult to endure).  The Defendant would request that the Court exercise its discretion and depart downward from the otherwise applicable guideline range of imprisonment based on his medical condition.

## CONCLUSION

The Defendant contends that each of the enumerated items above requires resolution. In addition, the Defendant has provided the Court with additional case law and statutory support for his arguments for sentencing. Accordingly, the Defendant requests the Court to make a finding of fact concerning these disputed matters prior to the imposition of sentence.

Respectfully Submitted,

_____
Joshua D. Lock, Esq.
Goldberg, Katzman & Shipman
320 Market Street - Strawberry Square
P.O. Box 1268
Harrisburg, PA 17108-1268
(717) 234-4161

-14-