TYRONE J. SMITH
10924-067
FCI SCHUYLKILL
P.O. BOX 759
MINERSVILLE, PA 17954

01-CR-336

FILED
HARRISBURG, PA

AUG 0 2 2005

MARY E. D'ANDREA, CLERK
Per _____
          Deputy Clerk

To The Honorable Judge Sylvia Rambo

Honorable Judge Rambo,

   I'm writing in regards to my resentencing hearing that took place Thursday July 28, 2005. I must say I'm blessed to have come before you for some type of relief in this sentencing matter.

   There were a number of issues I'm enclosing with this letter that I brought to the attention of counsel, Dennis E. Boyle at resentencing and I requested, even by phone, and mail for him to raise these particular issues for resentencing purposes. I explained to him these issues I'm enclosing are very important to be raised at my resentencing hearing.

   I forwarded a copy to attorney, Dennis E. Boyle, and spoke to him particularly about these issues. I wanted to raise before you at resentencing, but upon my numerous requests for him to do so, he has not followed up with my request and his duty as a loyal attorney in representing me at sentencing once I brought these important issues to his attention to be raised for resentencing purposes.

   Your Honor, I find attorney Dennis E. Boyle, to be ineffective on direct appeal at sentencing and request for reconsideration of your viewing regarding the additional issues I'm enclosing for your review that I humbly request your immediate attention.

   Again I feel I am very blessed to have come before you and received some relief, it is even a bigger blessing that I am still alive and have hope to obtain more relief in the near future to re-join my Son, Daughter, and Family.

   I hope this letter finds you in great health and spirit; may God bless you and your family.

                             Thank You For Your Time in Reconsidering the Above Matter.

                             Sincerely Yours,

                             Tyrone J. Smith
                             *Tyrone Smith* (signature)

Tyrone Smith (E)

## LEGAL ARGUMENT
## POINT I

<u>IN LIGHT OF APPRENDI V. NEW JERSEY, 530 U.S. 466 (2000), RING V. ARIZONA, 536 U.S. 583 (2002), BLAKELY V. WASHINGTON, 542 U.S. 296 (2004) AND UNITED STATES V. BOOKER, 543 U.S.___,125 S.Ct. 738, 160 L.Ed.2d 621 (2005), ANY USE OF FACTS OR DRUG AMOUNTS BEYOND THAT SPECIFICALLY CHARGED IN THE INDICTMENT TO INCREASE DEFENDANT'S SENTENCE BEYOND THE STATUTORY MINIMUM CONSTITUTES AN IMPERMISSIBLE VARIANCE THAT AMOUNTS TO A CONSTRUCTIVE AMENDMENT TO THE INDICTMENT IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS.</u>

"A variance occurs when the charging terms of an indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." Gaither v. United States, 413 F.2d 1061 (3rd Cir. 1960); United States v. Fletcher, 74 F.3d 49, 53 (4th Cir. 1996). A variance constitutes a legitimate ground for reversal only if the appellant shows that the variance infringed his substantial rights and thereby resulted in actual prejudice. United States v. Padilla, 982 F.2d 110, 113 (3rd Cir. 1992); see also, e.g., United States v. Prince, 883 F.2d 953, 959 (11th Cir. 1989); United States v. Goldman, 750 F.2d 1221, 1226-27 (4th Cir. 1984). Prejudice occurs if the variance "surpris[es the defendant] at trial and hinder[s] the preparation of his defense." Fletcher, 74 F.3d at 53. In other words, in the normal variance sense, "the focus is ... upon whether the indictment provided the defendant with adequate notice to defend the charges against him." United States v. Redd, 161 F.3d 793, 795 (4th Cir. 1998); United States v. Castro, 776 F.2d 1118, 1122 (3rd Cir. 1985).

An amendment to an indictment occurs when either the government, the court, or both, broadens the possible bases for conviction beyond those presented by the grand

1

jury. <u>United States v. Asher</u>, 854 F.2d 1483, 1497 (3rd Cir. 1988); <u>United States v. Floresca</u>, 38 F.3d 706, 710 (4th Cir. 1994)(en banc); <u>United States v. Olano</u>, 507 U.S. 725 (1993). However, amendments "of a federal indictment are error per se, and under <u>Olano</u>, must be corrected...even when not preserved by objection." <u>Floresca</u>, 38 F.3d at 714; <u>C. Wright, Federal Practice and Procedure</u> § 127 (1982). An amendment is considered per se prejudicial because it effects a direct infringement upon the Fifth Amendment to the United States Constitution guarantee that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury..." Simply, the Fifth Amendment guarantees that a criminal defendant may only be tried on charges alleged in an indictment, and "only the grand jury may broaden or alter the charges in the indictment." <u>United States v. Randall</u>, 171 F.3d 195, 203 (4th Cir. 1999); A.

Blurring the distinction between amendments and variances is the concept of the "constructive amendment" which is a variance that is accorded the per se prejudicial treatment of an amendment. See <u>Stirone v. United States</u>, 361 U.S. 212 215-16 (1960)(holding that a variation that "destroy[s] the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury...is far too serious to be treated as nothing more than a variance and then dismissed as harmless error"). A "variance rises to the level of a constructive amendment when 'the terms of an indictment are in effect altered by the presentation of evidence...which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment.'" <u>United States v. Ford</u>, 872 F.2d 1231, 1236 (6th Cir. 1989)(quoting <u>United</u>

2

States v. Hathoway, 786 F. 2d 902, 910 (6th Cir. 1986); see also United States v. DeCavalcante, 440 F.2d 1264, 1271 (3rd Cir. 1971); United States v. Milbourne 129 Fed.Appx. 861, 864 (4th Cir. 2005)(quoting United States v. Schnabel, 939 F.2d 197, 203 (4th Cir. 1991).

In this case, defendant was indicted in a single substantive count and in a single conspiracy count for violating two subsections of 21 U.S.C. § 841, "500 grams or more of cocaine hydrochloride" (§ 841(a)(1)(b)(1)(B)(ii)) and "50 grams more of cocaine base" (§ 841(a)(1)(b)(1)(A)(iii)).[1] "[U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." Jones v. United States, 526 U.S. 227, 243, n. 6 (1999). This rule was indicated in Supreme Court law since 1998, almost five years before defendant was tried and convicted, see Almendarez-Torres v. United States, 523 U.S. 224 (1998), and have been re-affirmed consistently almost every year for the past seven years. See Apprendi v. New Jersey, 530 U.S. 466 (2000), Ring v. Arizona, 536 U.S. 583 (2002), Blakely v. Washington, 124 S.Ct. 2531 (2004), United States v. Booker, 543 U.S. ___ (2005) 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), United States v. FanFan, 543 U.S. ___ (2005).

Therefore, for defendant to be convicted and sentenced for any offense enumerating drug amounts higher than what is specifically stated in those offenses mentioned above, he would first have to be charged in the indictment with a subsection of 21 U.S.C. § 841 that specifically includes the higher drug amount. This proposition is

---

[1] The cocaine hydrochloride and cocaine base charge is non-specific as to any amount over 500 grams and 50 grams respectfully. Thus, the subsections referenced, herein, are those governing subsections that would apply without violating Apprendi v. New Jersey, 530 U.S. 466 (2000).

3

supported by Blakely. In Blakely, the United States Supreme Court rendered a construction of law that has been interpreted as holding that the Guidelines maximums that are subsumed within a larger statutory maximum are themselves, to be treated as "maximum sentences" for purposes of the Constitution's jury guarantee. Specifically, the Supreme Court made it clear that, the "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose <u>solely on the basis of the facts reflected in the jury verdict or admitted by the defendant</u>. ... In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose <u>without any additional facts</u>. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment." Id. at 2537 (emphasis added).

Accordingly, in the absence of any specific drug amounts stated in the indictment over 500 grams of cocaine hydrochloride, this Court's jurisdiction is limited to finding "[a]t least 500 [grams] but less than 2 [kilograms] of Cocaine." U.S.S.G. 2D1.1(c)(7). Likewise, in the absence of any specific drug amounts stated in the indictment over 50 grams of cocaine base, this Court's jurisdiction is limited to finding "[a]t least 50 [grams] but less than 150 [grams] of Cocaine Base." U.S.S.G. 2D1.1(c)(4).

Any calculation of a higher drug amount for purposes of increasing defendant's sentence higher than allowed under the applicable offense levels, not only offends the Fifth Amendment due process protections and the Sixth Amendment jury guarantees, United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), but also the Fifth Amendment grand jury guarantee. Stirone, 361 U.S. at 215-16.

## LEGAL ARGUMENT
## POINT II

### 21 U.S.C. § 841(b)(1)(A)(iii) & (B(iii) IS UNCONSTITUTIONAL ON ITS FACE SINCE IT VIOLATES THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION BY ALLOWING BOTH DOUBLE CONVICTION AND DOUBLE PUNISHMENT FOR THE SAME OFFENSE, REQUIRING THE DISMISSAL OF THE SECTION 841(b)(1)(A)(iii) OFFENSE.

The Constitution of the United States, in the Fifth Amendment, declares in pertinent part, "nor shall any person be subject [for the same offense] to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. To explain, the Double Jeopardy Clause of the Fifth Amendment has been said to protect against three distinct abuses; a second prosecution for the same offense after acquittal; a second prosecution for the same offenses after conviction; and multiple punishments for the same offense. See North Carolina v. Pearce, 395 U.S. 711, 717 (1969); and Schiro v. Farley, 114 S.Ct. 783, 789 (1994).

"These protections stem from the underlying premise that a defendant should not be twice tried or punished for the same offense." Schiro, 114 S.Ct. at 789. It is the third of these abuses— multiple punishments for the same offense, which defendant is concerned with in this case.

Although the primary evil to be guarded against by the Double Jeopardy Clause is successive prosecutions, the prohibition against multiple punishments for the same offense has "deep roots in our history and our jurisprudence." United States v. Halper, 490 U.S. 435, 440 (1989). For example, over three centuries ago (1641), the colony of Massachusetts had what was called a "Body of Liberties" to protect the rights of its

5

citizens. There it stated: "No man shall be twise sentenced by Civil Justice for one and the same Crime, Offense, or Trespasse." Even the United States Supreme Court, as early as a century ago, observed: "If there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same offence." Ex parte Lange, 18 Wall 163, 168, 21 L.Ed. 872 (1874).

Under Blockburger v. United States, 284 U.S. 299, 304 (1932), two offenses are the same unless "each [offense] requires proof of an additional fact which the other does not." The activities that would result in the commission of a 21 U.S.C. § 841(a)(1)(b)(1)(B)(ii) (powder cocaine) offense is "to...distribute, or...possess with intent to...distribute...a controlled dangerous substance [of]...:

> (ii) 500 grams or more of a mixture or substance containing a detectable amount of—
> (I) coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed;
> (II) cocaine, its salts, optical and geometric isomers, and salts of isomers;
> (III) ecgonine, its derivatives, their salts, isomers, and salts of isomers; or
> (IV) any compound, mixture, or preparation which contains any quantity of any of the substances referred to in subclauses (I) through (III);

The activities that would result in the commission of a 21 U.S.C. § 841(a)(1)(b)(1)(A)(iii) (cocaine base) offense is "to...distribute, or...possess with intent to...distribute...a controlled dangerous substance [of]...:

> (iii) <u>50 grams or more of a mixture or substance described in clause (ii)</u> which contains cocaine base."

(Emphasis added).

6

Therefore, a Section 841(a)(1)(b)(1)(B)(ii) (powder cocaine) offense does not require proof of any additional facts beyond those that establish a violation of a Section 841(a)(1)(b)(1)(A)(iii) (cocaine base) offense.[2] This fact leads inevitably to the conclusion that they are the same offense for double jeopardy purposes. See Blockburger, supra; see also Schiro v. Farley, 114 S.Ct. 783, 789 (1994). Thus, to determine whether the cocaine base statutes violates double jeopardy by allowing multiple convictions and punishments for violation of offenses that are the same, it must be determined whether the legislature clearly intended to permit multiple convictions and multiple punishments for violations of powder cocaine and cocaine base statutes.

In order to allow separate convictions and sentences for the same or included offenses, the legislature must explicitly indicate that the sentences are to run consecutively. Missouri v. Hunter, 495 U.S. 359, 368-69 (1983). No where, however, does the legislature indicate that the cocaine base statute was motivated by a desire to permit multiple convictions or sentences. In fact, the legislature's purpose for enacting the cocaine base statute was not to provide multiple convictions or punishment but to "penalize more severely violations involving crack cocaine. See 123 Cong.Rec. S14,288 (daily ed. September 30, 1986)(one purpose of Narcotics Penalties and Enforcement Act of 1986 was to recognize crack as a distinct and separate drug from cocaine hydrochloride)." United States v. Fisher, 58 F.3d 96, 99 (4th Cir. 1995).

Although there appears to be an intent by the legislature to recognize powder cocaine and cocaine base as distinct and separate drugs for enhanced penalty purposes,

---

[2] As cocaine base can be changed from its rock form to powder form, the only difference between cocaine base and powder cocaine is in its purity ("potency"). Cocaine base is more potent. Although it is logical to view them as separate and distinct drugs for purposes of enhancing a sentence, it is a fictional leap of legal gymnastics to look at the two substances as distinct for multiple conviction and sentencing purposes.

7

the statutes allow separate convictions and punishment for both without express authority. The legislative intent, whatever it may have been, was not expressed with the clarity required by Hunter, 495 U.S. at 368-69 (requiring that the legislature "specifically authorize [] cumulative punishment" under the statute.).

Accordingly, 21 USC § 841(b)(1)(A)(iii) is unconstitutional on its face because it violates double jeopardy protections by allowing multiple convictions and punishment for the same offense. Defendant's conviction for cocaine base must be vacated and the cocaine base offense dismissed. In the alternative, the cocaine base Count must be dismissed for purposes of sentencing.

# LEGAL ARGUMENT
# POINT III

### 21 U.S.C. § 841(a)(1)(b)(1)(A)(iii) IS UNCONSTITUTIONAL AS APPLIED TO DEFENDANT SINCE DEFENDANT WAS CHARGED WITH BOTH A COCAINE POWDER (§ 841(a)(1)(b)(1)(B)(ii)) AND COCAINE BASE (§ 841(a)(1)(b)(1)(A)(iii)) OFFENSE AND THE COCAINE BASE OFFENSE VIOLATES THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION BY ALLOWING BOTH DOUBLE CONVICTION AND DOUBLE PUNISHMENT FOR THE SAME OFFENSE, REQUIRING THE DISMISSAL OF THE SECTION 841(a)(1)(b)(1)(A)(iii) OFFENSE.

If the Court finds that the cocaine base statute is not facially unconstitutional on double jeopardy grounds, defendant submits that it is unconstitutional on double jeopardy grounds "as-applied" to him.

An as-applied challenge consists of a challenge to the statute's application only as-applied to the party before the court. See generally City of Lakewood v. Plain Dealer Publ'g Co., 486 U.S. 750, 758-59 (1988). If an as-applied challenge is successful, the statute may not be applied to the challenger, but is otherwise enforceable. See Id.

For the reasons already discussed in Point II, infra., defendant posits that the cocaine base statute allows for double convictions and punishment and, therefore, violates the constitutional double jeopardy prohibitions. Defendant incorporates that argument herein with reference to the extent it is applicable herein. The danger of multiple convictions and punishment for the same offense is more heightened in this case since defendant was actually charged in a single substantive Count (Count One) with both powder cocaine and cocaine base offenses and then in a single conspiracy Count (Count Five) with powder cocaine and cocaine base offenses.

9

The jury found defendant guilty under each Count for both offenses. Therefore, because the jury's guilty verdict on the 21 U.S.C. § 841(a)(1)(b)(1)(A)(iii) offense "necessarily includes a finding that the defendant also [violated 21 U.S.C. § 841(a)(1)(b)(1)(B)(ii)]", Rutledge v. United States, 517 U.S. 292, 307 (1996), this Court's sentence cannot incorporate the guilty verdicts of both offenses. See United States v. Xavier, 2 F.3d 1281, 1290 (3rd Cir. 1993)(quoting United States v. Gomberg, 715 F.2d 843, 851 (3rd Cir. 1983)(barring separate conviction and punishment when offenses are "same offense" for double jeopardy purposes since "the Blockburger test always deems a lesser included offense the same as the greater because by definition the greater offense includes all the elements of the lesser.").

As a matter of law, the jury in this case should have been "instructed not to return a verdict on the [21 U.S.C. § 841(a)(1)(b)(1)(B)(ii)] offense once it has found the defendant guilty of the [21 U.S.C. § 841(a)(1)(b)(1)(A)(iii)] offense." Rutledge, 517 U.S. at 307, n 16. "Accordingly, '[o]ne of [defendant's] convictions...must be vacated.'" Id. (quoting Ball v. United States, 470 U.S. 856, 864 (1985)).

Since it is the cocaine base offense that allows multiple convictions and punishment and congress has only left us to guess at what their intent was for multiple convictions and punishment on a violation of the cocaine base offense, lenity requires that that offense be dismissed from both Counts One and Five for sentencing purposes and defendant be sentenced on the powder cocaine alone. Albernaz v. United States, 450 U.S. 333, 342 (1981)(The rule of lenity "applies not only to interpretations of the substantive ambit of criminal prohibitions, but also to the penalties they impose."); Under the rule, "the Court will not interpret a federal criminal statute so as to increase the

penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." Ibid. See also, cf. Bell v. United States, 349 U.S. 81, 83 (1955)("It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment").

### LEGAL ARGUMENT
### POINT IV

### THAT PORTION OF THE CAREER OFFENDER SECTION OF THE SENTENCING GUIDELINES (U.S.S.G. § 4B1.1(b)) THAT INCREASES THE OFFENSE LEVEL APPLICABLE TO DEFENDANT UNDER U.S.S.G. § 2D1.1(C) BASED SOLELY ON THE GRAVITY OF THE OFFENSE IS UNCONSTITUTIONAL AS APPLIED TO DEFENDANT BY ALLOWING IMPERMISSIBLE DOUBLE COUNTING OF SENTENCING FACTORS

The United States Sentencing Guidelines, now an advisory tool for sentencing purposes, United States v. Booker, 543 U.S. ___ (2005), provides for enhancement of a Defendant's sentence based on, among other things, counting factors such as his criminal history, U.S.S.G. § 4A1.1, including any career offender status. U.S.S.G. § 4B1.1(b). However, were this Court to consider any enhancements under the career offender section of the guidelines, the Court would be barred by the constitutional prohibition against double counting of sentencing factors from considering any requirement increasing defendant's offense level under that section.

"Double counting a factor during sentencing is permissible if the Sentencing Commission intended the result, and if the result is permissible because 'each section concerns conceptually separate notions related to sentencing.'" United States v. Adeleke,

11

968 F.2d 1159, 1161 (11th Cir. 1992)(emphasis added). On the other hand, impermissible double counting occurs when one part of the guidelines is applied to increase a defendant's sentence to reflect the kind of harm that has already been fully accounted for by another part of the guidelines, United States v. Alexander, 48 F.3d 1477, 1492 (9th Cir. 1995) or "when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways." United States v. Farrow, 198 F.3d 179 (6th Cir. 1999)(citing United States v. Perkins, 89 F.3d 303, 310 (6th Cir. 1996).

In light of Apprendi sentencing enhancement prohibitions, defendant's base offense level is 26 (if this Court dismisses the cocaine base offenses on double jeopardy grounds) or 32 (if the cocaine base offenses remain intact). See U.S.S.G. §2D1.1(c)(4) & (7). In the absence of the career offender enhancement, Defendant would fall under Criminal History Category III and be facing a sentence of between 78-91 months or 151-188 months respectively. However, the Career Offender section of the Sentencing Guidelines, U.S.S.G. § 4B1.1(a) provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The section also provides that "[a] career offender's criminal history category in every case under this subsection shall be Category VI." U.S.S.G. § 4B1.1(b)(emphasis added). Thus, under the circumstances of this case, Category VI would enhance Defendant's sentence exposure from the range of 78-91 months to a range of 120-150 months (level 26) or from a range of 151-188 months to a range of 210-262 months (level 32).

Nevertheless, while Section 4B1.1 uniformly increases a defendant's sentence as a career offender, it goes on to increase the offense level (which will increase the sentence even further), not uniformly but based on the Defendant's statutory sentence exposure. For example, Section 4B1.1(b) also requires an offense level to be increased based on the maximum sentence provided for in the criminal statute. See Table in U.S.S.G. § 4B1.1(b)(A)-(G). In essence, it requires an increase in the offense level based solely on the severity of the crime. However, this requirement that a Defendant's offense level be increased based on the severity of the crime is improperly and impermissibly duplicative because both the criminal statute (Section 841) and the offense levels enumerated in U.S.S.G. §2D1.1(c) already fully account for the level of culpability ascribed to the severity of the criminal offense.

It is settled that the Sentencing Guideline is designed to protect defendant against having the length of his sentence multiplied by duplicative consideration of the same criminal conduct. Witte v. United States, 515 U.S. 389, 404-05 (1995). Following the Supreme Court, many circuits have concluded that "[t]he guideline's purpose…is to prevent…double counting" of the same offense conduct. United States v. Garcia-Hernandez, 237 F.3d 105, 109 (2d Cir. 2000).

Thus, as there is no other explanation for Section 4B1.1(b)'s increase of offense levels other than what is expressly indicated in the Section (an increase based on severity of the crime), this Court must adjudge any such requirement as violating due process and constitutionally impermissible.

13

Tyrone Smith 05-1610 E
Cumberland County Prison
1101 Claremont Road
Carlisle, PA 17013



To The Honorable Sylvia Rambo
Judge of the Middle District of Pennsylvania
United States District Court
U.S. Court house
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

