**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-3707

———

UNITED STATES OF AMERICA

v.

TYRONE J. SMITH
a/k/a
MANNY

Tyrone J. Smith,

*Appellant*

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 01-cr-00336-01)
District Judge: Honorable Sylvia H. Rambo

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 13, 2007

Before: RENDELL, GREENBERG, and VAN ANTWERPEN, *Circuit Judges*.

(Filed: December 13, 2007)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, *Circuit Judge*.

Appellant appeals his July 28, 2005 sentence on various constitutional grounds. None of these issues survives plain error review, and we will therefore affirm the sentence.

I.

Because we write solely for the parties, we will only address those facts necessary to our opinion.

On August 21, 2002, the Grand Jury of the Middle District of Pennsylvania named Appellant Tyrone J. Smith in a third superseding indictment. Appellant was charged with distribution and possession with intent to distribute 50 grams or more of cocaine base ("crack cocaine") and 500 grams or more of cocaine hydrochloride ("powder cocaine") in violation of 21 U.S.C. § 841(a)(1), and with conspiracy to do the same. On May 2, 2003, following a trial, the jury found Appellant guilty of these charges.

A Presentence Investigation Report ("PSR") was prepared, and Appellant objected to the application of leadership role and obstruction of justice enhancements, to the drug quantity calculations, and to the failure to find grounds for departure. Appellant raised the same objections at the November 24, 2003 sentencing hearing. The District Court overruled all of Appellant's objections and sentenced him to a term of imprisonment of 360 months.

Appellant appealed both his conviction and his sentence to this Court. *United States v. Smith*, 127 Fed. Appx. 608 (3d Cir. 2005). Appellant raised seven issues before this Court, four of which challenged the validity of his conviction. *Id.* at 609. The other

three issues challenged his sentence, specifically the application of leadership role and obstruction of justice enhancements and the determination of drug quantities. *Id.* This Court affirmed Appellant's convictions, but concluded that "Smith's challenges to his sentence raise issues that are covered by the decision of [*Booker*]." *Id.* at 614. Therefore, this Court did not address Appellant's sentencing issues, instead concluding that "[t]he judgment of sentence will be vacated and the case remanded to the District Court for reconsideration of the sentence in light of the *Booker* decision." *Id.*

In the "Statement of Issues at Re-Sentencing Proceeding," "Sentencing Memorandum," and orally at the resentencing hearing, Appellant raised only two issues[1]: (1) Whether the decision in *Booker*, which rendered the Guidelines advisory, would violate *ex post facto* principles if applied to a crime that was committed prior to the *Booker* decision and (2) Whether the § 3553(a) factors suggest that Appellant should be given a sentence below the advisory Guideline range.

At the July 28, 2005 resentencing hearing, the District Court adopted the original PSR and Guideline application; however, after reviewing the § 3553(a) factors, the District Court determined that the proper term of imprisonment for this particular defendant was 240 months.

II.

---

[1] Both documents submitted by Appellant at resentencing actually raise three issues. However, the first two issues both address the *ex post facto* argument, and are therefore better classified as a single issue.

The United States District Court for the Middle District of Pennsylvania had jurisdiction over this criminal case pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

Appellant has raised seven questions of law to be decided by this Court. Generally, these questions of law, most of which raise constitutional issues, would be subject to plenary review by this Court. *United States v. Hull*, 456 F.3d 133, 137 (3d Cir. 2006). However, because the issues currently being appealed were not properly raised before the District Court at either resentencing or the original sentencing, plain error review[2] applies. *See United States v. Nappi*, 243 F.3d 758, 761 (3d Cir. 2001); *see also United States v. Campbell*, 295 F.3d 398, 404 (3d Cir. 2002).

### III.

The Government maintains that our remand for resentencing in Appellant's initial appeal was a "limited remand," and therefore this Court lacks jurisdiction to hear any of Appellant's issues on this present appeal because the issues are outside the scope of that remand. However, this Court need not decide the issue of the scope of a limited remand, because plain error review applies and Appellant's arguments all fail under this (or any) standard.

---

[2] Under plain error review this Court "may vacate a sentence and remand for resentencing only if we find that (1) an error was committed; (2) the error was plain, that is, it is 'clear' and 'obvious;' and (3) the error 'affected [the defendant's] substantial rights.'" *Nappi*, 243 F.3d at 762. Even if the above requirements are satisfied, this Court should correct plain error "only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Appellant first argues that crack cocaine's separate and distinct sentencing scheme under 21 U.S.C. § 841(b) is a violation of the 5th and 6th Amendments as well as Article I, Section 7 of the Constitution, because crack cocaine is not defined as a separate and distinct controlled substance under the offense statute (§ 841(a)) or the Schedules of Controlled Substances (§ 812). This argument fails because conduct involving crack cocaine was illegal under 21 U.S.C. § 841(a) before it was punished more harshly under the 1986 Amendments, and Appellant offers no evidence that the procedures of Article I, Section 7 were not properly followed.

Appellant next argues that when he was resentenced his 240-month prison sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the District Court imposed a sentence that exceeded the mandatory minimum based upon facts not enumerated in the indictment, not found by a jury, and not proven beyond a reasonable doubt. The Appellant then argues that, as a result of this alleged *Apprendi* violation, District Court engaged in an impermissible constructive amendment of his indictment. These arguments are meritless, and would fail under any standard of review.[3] This Court has clearly stated that "[o]nce a jury has found a defendant guilty of each element of an

---

[3] In the Sentencing Memorandum submitted prior to resentencing, Appellant indirectly raised arguments similar to these *Apprendi*-based arguments. Although it is doubtful that the Sentencing Memorandum sufficiently raised these issues to preserve them for plenary review, because the *Apprendi*-based arguments are meritless and would fail under any standard, it is unnecessary to decide this question. We stress that counsel "should clearly place the sentencing grounds they are raising on the record at the time of . . . sentencing." *United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006).

offense beyond a reasonable doubt, he . . . may be sentenced up to the maximum sentenced authorized under the United States Code without additional findings beyond a reasonable doubt." *United States v. Grier*, 475 F.3d 556, 561 (3d Cir. 2006) (en banc). Because 21 U.S.C. § 841(b) authorizes up to a life sentence based upon this jury's guilty verdict, a 240-month prison sentence does not violate *Apprendi*.

Appellant, in his fourth and fifth issues, argues that 21 U.S.C. § 841(b) is invalid on its face, and as applied to his specific case, because it violates the Double Jeopardy Clause of the Fifth Amendment to the Constitution by imposing multiple punishments for the same offense.[4]

There is no need to discuss the facial and "as applied" challenges separately, because we decide that § 841(b) is constitutional as applied to Appllellant. *See Taylor v. Cisneros*, 102 F.3d 1334, 1339-50 (3d Cir. 1996). Under *Blockburger v. United States*, separate penalties may be imposed based on a single act or transaction only if each of the crimes requires proof of an element that the other does not. *Blockburger*, 284 U.S. 299, 304 (1932). Here, crack cocaine and powder cocaine offenses are distinct under *Blockburger* because each requires an element that the other does not: namely, the

---

[4] In his Reply Brief, Appellant attempts to clarify the arguments raised in his opening brief by posing hypothetical questions under both the facial and "as applied" issues. However, the arguments in Appellant's opening brief failed to properly raise the issues addressed by these hypothetical questions, and thus these issues are waived. *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993). In addition, neither hypothetical question warrants remand on its merits.

identity of the drug.[5]  Therefore, Appellant's double jeopardy claims fail.

Appellant also argues that this Court must again remand for resentencing due to the District Court's failure to order a new PSR and failure to make new findings of fact at the resentencing.  However, this Court remanded for reconsideration of the sentence in light of the now-advisory nature of the Guidelines.  *Smith*, 127 Fed. Appx. at 614.  As this Court stated in *Gunter*, the first step in sentencing a defendant under the advisory Guidelines is to "calculate a defendant's Guidelines sentence precisely as [the court] would have before *Booker*."  *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).  Here, the District Court followed *Gunter*'s first step literally by using the pre-*Booker* PSR, and we conclude that such action was proper.[6]

Finally, Appellant argues that the application of the Career Offender provision of the Sentencing Guidelines, U.S.S.G. § 4B1.1, amounted to an impermissible double counting of sentencing factors, specifically Appellant's criminal history.  However, Appellant's criminal history was not double-counted as a result of the application of § 4B1.1.  Although § 4B1.1 was used to increase Appellant's Criminal History category to VI, the PSR specifically states that § 4B1.1(b)(A) was not used to increase Appellant's

---

[5] Also, possession of separate quantities of crack cocaine and powder cocaine is not a "single act or transaction."  Arguably, therefore, neither the *Blockburger* test nor the Double Jeopardy Clause are even implicated.

[6] In addition, Appellant fails to even argue how a new PSR would have affected his sentence.  Therefore, even if it was error to fail to order a new PSR, such error did not affect Appellant's substantial rights.  *Nappi*, 243 F.3d at 762.

offense level, because Appellant's calculated offense level was greater than that described in the Career Offender provision's Table.  In addition, this Court has previously rejected a virtually identical double counting argument, where a defendant's criminal history *was* used to increase both the Criminal History category and the Offense Level.  *United States v. Amis*, 926 F.2d 328, 329 (3d Cir. 1991).

### IV.

For the above reasons, the conviction and sentence of the District Court will be affirmed.