IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CIVIL NO. 1:CV-01-336-01
:
:
**v.** :
:
:
**TYRONE SMITH a/k/a "Manny"** :

## M E M O R A N D U M

Before the court is Defendant Tyrone Smith's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 609(b)(4). On May 19, 2010, this court addressed a motion filed by Smith pursuant to 28 U.S.C. § 2255. In that motion, Smith raised issues of the competency of trial and appellate counsel. This court denied the petition, finding that the claims of incompetency lacked merit and that "[e]ven if counsel's inactions did not measure up to what might be expected, in light of the overwhelming evidence against Smith, there simply was no prejudice resulting from the alleged errors." (Doc. 508 at p. 12.) Smith filed a notice of appeal. On October 12, 2010, the Third Circuit Court of Appeals declined to issue a certificate of appealability.[1]

The instant motion claims that in addressing the original § 2255 motion, this court, in rejecting multiple claims of ineffective assistance of counsel, did not address the question of whether the cumulative errors of counsel undermined confidence in the outcome of the trial proceedings. Smith claims, therefore, that the Judgment of May 19, 2010 is void. Smith admits he did not raise this claim in his initial petition.

The Third Circuit's approach in assessing cumulative error is set forth in *Albrecht v. Horn*, 485 F. 3d 103 (3d Cir. 2007), which held, in part:

---

[1] A petition for a hearing en banc is currently pending on one issue.

> The standard for evaluating harmless error on collateral review is set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). This is the standard applicable here, because "a cumulative-error analysis merely aggregates all the errors that individually have been found to be harmless, and therefore not reversible, and it analyzes whether their cumulative effect on the outcome of the trail is such that collectively collective they can no longer be determined to be harmless." *Darks v. Mullin*, 327 F.3d 1001, 1018 (10th Cir. 2003). Cumulative errors are not harmless if they had a substantial and injurious effect or influence in determining the jury's verdict, which means that a habeas petitioner is not entitled to relief based oncumulative errors unless he can establish "actual prejudice." *Brecht*, 507 U.S. at 637, 113 S.Ct. 1710. *See Whitney*, 280 F.3d at 258-59 & n.18 (*Strickland* prejudice and *Brecht* harmless error are essentially same standard).

(*Id*. at 139.)

Smith has not shown that any alleged cumulative prejudice resulting from alleged errors undermine the reliability of the verdict. An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated: November 29, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CIVIL NO. 1:CV-01-336-01
:
**v.** :
:
**TYRONE SMITH a/k/a "Manny"** :

## <u>OR D E R</u>

**AND NOW**, this 29th day of November, 2010, **IT IS HEREBY ORDERED THAT:**

1) The motion for relief from judgment is **denied**.

2) The order of May 19, 2010 stands.

3) This court declines to issue a certificate of appealability.

                                                        s/Sylvia H. Rambo
                                                        United States District Judge