IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:01-cr-336 |
| | : | |
| v. | : | |
| | : | |
| **TYRONE SMITH** | : | Judge Sylvia H. Rambo |

## M E M O R A N D U M

Presently before the court is Defendant Tyrone Smith's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 592.) In it, Smith argues that a back injury sustained in a car accident prior to his incarceration and his efforts at rehabilitation while incarcerated are extraordinary and compelling circumstances warranting a reduction of his twenty-one-month sentence for violating the terms of his supervised release. He requests a reduction in sentence to time served. In response, the government argues that the motion should be denied because Smith's medical records do not support his request and, in any event, the factors set forth in 18 U.S.C. § 3553(a) weigh against his release. For the reasons that follow, the court declines to reduce Smith's sentence.

### I.  Background

Smith was originally indicted on three counts of possession with intent to deliver a controlled substance in violation of 18 U.S.C. § 841(a)(1) in October 2001. (Doc. 1.) After the government filed several superseding indictments, Smith went to

1

trial and was convicted by a jury in May 2003.[1] (*See* Docs. 15, 76, 151, 274.) On November 24, 2003, this court sentenced him 360 months imprisonment and a five-year term of supervised release. (Doc. 359.) After unsuccessful appellate and post-conviction efforts, on February 27, 2019, this court granted a motion to reduce sentence pursuant to Amendment 404(b) of the First Step Act.[2] (*See* Docs. 447, 452, 521, 530, 547.) The court reduced Smith's imprisonment to time served and his supervised release term to four years. (Doc. 547.)

On January 6, 2023, the United States Probation Office initiated revocation proceedings against Smith stemming from two separate criminal incidents in 2022. (Doc. 565.) A revocation hearing was held on July 11, 2023, wherein the court revoked Smith's supervised release and sentenced him to a term of imprisonment of twenty-one months because he admitted to violating mandatory conditions of his supervised release, namely, that he admitted to Fleeing or Attempting to Elude an Officer and Aggravated Assault. (Doc. 583.) Smith is presently serving this sentence.

---

[1] Smith was convicted of Distribution and Possession with Intent to Distribute 50 Grams or More of Crack Cocaine and 500 Grams or More of Cocaine in violation of 21 U.S.C. § 841(a)(1); Use of a Communication Facility to Facilitate Drug Trafficking in violation of 21 U.S.C. § 843(b); and Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams of More of Crack Cocaine and 500 Grams or More of Cocaine in violation of 21 U.S.C. § 846. (Doc. 274.)

[2] On July 8, 2005, this court amended the judgment of sentence to 240 months imprisonment. (Doc. 410.)

Smith now moves the court for a reduction of this sentence. The motion is fully briefed and ripe for disposition.

## II.   Discussion

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a sentencing court may modify a sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The United States Sentencing Commission has been delegated authority to define what is considered extraordinary and compelling circumstances, but in granting this delegation, Congress specifically noted that ""[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

The Sentencing Commission promulgated policy statements pursuant to Section 994(t)'s delegation, with the relevant section located at Section 1B1.13. The commentary section of the policy statement describes three categories of circumstances constituting extraordinary and compelling circumstances, including "Medical Condition of the Defendant," "Age of the Defendant," and "Family Circumstances." U.S.S.G. § 1B1.13, cmt. n.1(A)-(C). The commentary further provides a catchall under which the Director of the Bureau of Prisons ("BOP") may determine whether there exist in a defendant's case "other reasons" that are

3

extraordinary and compelling "other than, or in combination with," the reasons described in Application Note 1(A) through (C). U.S.S.G. § 1B1.13, cmt. n.1(D). Relevant to medical condition, the policy statement states: "The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G § 1B1.13.

In support of his motion to reduce his sentence, Smith argues that his medical condition—back problems from a car accident that occurred in May 2022—constitutes an extraordinary and compelling circumstance because it requires long-term or specialized care that is not being provided. Smith requires injections into his back, physical therapy, and chiropractor visits. Rather than receive this treatment, BOP provides Smith with over-the-counter medication to manage the pain. In addition to asserting that he has extraordinary and compelling circumstances due to his back injury, Smith further argues that he has been rehabilitated during his incarceration and that despite his untreated back problems, he has bettered himself through taking classes offered by BOP.

The government counters that Smith's medical records belie his argument that his back problems are an extraordinary and compelling reason for his release. Specifically, that his most recent medical records provided, from August 2023, demonstrate that Smith denied any new back injury, denied significant radiating

4

pain, and described his worse pain as occurring in the lumbosacral junction. The records describe Smith as alert, not requiring assistance devices, no increased pain with lumbar flexion, negative pain with lumbar extension, and no pain with passive range of motion of bilateral hips. The medical records indicate that the physician ruled out surgery and that he could be a candidate for epidural injections, physical therapy, and/or oral medication for pain, but that he would benefit most from physical therapy. This, the government argues, does not support that he requires long-term or specialized care or is at risk of serious deterioration in health or death.

The court agrees with the government's argument. While Smith does appear to genuinely suffer from chronic back pain since the car accident, his condition is not one which will degenerate without treatment. Further, upon reviewing the medical records dated January 25, 2023, Smith's physician noted that he "has plateaued with his progress with physical therapy and chiropractic measures," belying his argument that he requires this care while in BOP custody or that it would assist him with his pain. The court is cognizant that these medical records do not represent Smith's present condition, but the court is without supporting medical evidence that he will suffer from serious deterioration or death if his back pain is treated with measures other than over the counter pain medication.

Even if Smith demonstrated extraordinary and compelling circumstances for his release, he would still need to satisfy this court that the 18 U.S.C. § 3553(a)

5

factors weigh in favor of his early release from confinement. The section 3553(a) factors include:

> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a).

Here, the court finds that these factors weigh against Smith, given that at least one of the instances for which his supervised release was revoked occurred *after* the car accident and his subsequent back pain. While the court acknowledges that Smith's pain is real, it has not prevented him from violating the conditions of his supervised release. Further and apart from the back issues, Smith violated the conditions of his supervised release on not one, but two different occasions in 2022. Thus, the court concludes that in order to reflect the seriousness of his offense conduct, deter future criminal conduct, and protect the public from Smith, that the original 21-month sentence is sufficient but not more than necessary in this instance and will decline to reduce his sentence.

## III.   <u>Conclusion</u>

For the reasons set forth, Smith's motion for a reduction in sentence will be denied.

<u>/s/ Sylvia H. Rambo</u>
s/Sylvia H. Rambo
United States District Judge

Dated: August 29, 2024